IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| HUAWEI TECHNOLOGIES CO. LTD.,<br><br>　　Plaintiff,<br><br>　　v.<br><br>T-MOBILE US, INC. and<br>T-MOBILE USA, INC.,<br><br>　　Defendants. | Civil Action No. 2:16-cv-00056-JRG-RSP<br><br>JURY TRIAL DEMANDED |

<u>**HUAWEI'S SURREPLY BRIEF IN**</u>
<u>**OPPOSITION TO T-MOBILE'S MOTION TO DISMISS**</u>

**TABLE OF CONTENTS**

I.   Huawei Has Sufficiently Pleaded Direct Infringement. ............................................................ 2

II.  Huawei Has Sufficiently Pleaded Contributory Infringement. ............................................... 4

III. Huawei Has Sufficiently Pleaded Induced Infringement. ....................................................... 6

IV.  Huawei Has Sufficiently Pleaded Willfulness. ........................................................................ 8

V.   Conclusion ................................................................................................................................ 9

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Bell Atlantic Corp. v. Twombly*,
   127 S. Ct. 1955 (2007)..................................................................................................1, 5

*In re Bill of Lading*,
   681 F.3d 1323 (Fed. Cir. 2012)......................................................................................1, 6

*Centillion Data Systems, LLC v. Qwest Communications Int'l, Inc.*,
   631 F.3d 1279 (Fed. Cir. 2011)......................................................................................5, 8

*Global-Tech Appliances, Inc. v. SEB S.A.*,
   131 S. Ct. 2060 (2011).......................................................................................................8

*Hall v. Bed Bath & Beyond Inc.*,
   705 F.3d 1357 (Fed. Cir. 2013).........................................................................................1

*K-Tech Telecommunications, Inc. v. Time Warner Cable, Inc.*
   714 F.3d 1277 (Fed. Cir. 2013).........................................................................................3

*Lone Star Fund V (U.S.) L.P. v. Barclays Bank PLC*,
   594 F.3d 383 (5th Cir. 2010) ............................................................................................9

*Phonometrics v. Hosp. Franchise Sys.*,
   203 F.3d 790 (Fed. Cir. 2000)..........................................................................................1

*Turner v. Pleasant*,
   663 F.3d 770 (5th Cir. 2011) .......................................................................................1, 2

*Wooten v. McDonald Transit Assocs., Inc.*,
   788 F.3d 490 (5th Cir. 2015) ............................................................................................3

**Statutes**

35 U.S.C. § 271................................................................................................................................5

**Other Authorities**

Fed. R. Civ. P. 8........................................................................................................................2, 3

T-Mobile's Reply does not remedy the defects in its Motion, and merely delays the start of this case. Indeed, a proper motion to dismiss highlights where allegations, when taken to be true, are simply implausible. Yet, T-Mobile's Reply—like its motion— fails to focus on any basic deficiency that rebuts the plausibility of infringement, such as a joint or divided infringement problem, *res judicata*, or a missing material claim element. T-Mobile intentionally ignores pages of factual background and incorrectly states that the contributory, induced, and willful infringement allegations lack "facts to support essential elements of the claim[s]." (Reply Br. at 5; *see also id.* at 7, 8.)

T-Mobile's strategic decision not to answer the Complaint furthers its motive of delay. T-Mobile is capable of admitting or denying Huawei's allegations as pleaded, and nowhere does T-Mobile argue that it cannot understand the allegations. But instead of filing an Answer so that discovery can start, T-Mobile attempts to shift the burden onto Huawei at this early stage by demanding a level of detail in the Complaint that is not required of plaintiffs. (*See* Reply Br. at 9.) Contrary to T-Mobile's insistence, a complaint for patent infringement "does not need detailed factual allegations." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007); *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011). "Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *In re Bill of Lading*, 681 F.3d 1323, 1332 (Fed. Cir. 2012) (quoting *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam)). Nor must a plaintiff allege facts showing that each element of a claim is met in the accused instrumentalities. *See Phonometrics v. Hosp. Franchise Sys.*, 203 F.3d 790, 794 (Fed. Cir. 2000).[1] Such level of detail would negate the

---

[1] Although *Phonometrics* pre-dates *Twombly*, it remains good law. *See, e.g.*, *Hall v. Bed Bath & Beyond Inc.*, 705 F.3d 1357, 1362 (Fed. Cir. 2013) (citing *Phonometrics* in outlining the "five elements of a patent infringement pleading").

HUAWEI'S SUR-REPLY IN OPPOSITION TO T-MOBILE'S MOTION TO DISMISS

"short, plain statement" required by Fed. R. Civ. P. 8 and render superfluous this Court's Patent Rules that govern administration—and early disclosure—of Huawei's infringement contentions.

Huawei has adequately pleaded T-Mobile's direct, contributory, induced, and willful infringement. And T-Mobile has not shown why this case should be an exception to the principle that "a motion to dismiss under 12(b)(6) 'is viewed with disfavor and is rarely granted.'" *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011) (citing *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009)). Huawei respectfully requests that the Court deny T-Mobile's motion.

**I.      Huawei Has Sufficiently Pleaded Direct Infringement.**

Instead of addressing the Rules' requirements, T-Mobile complains that Huawei's allegations are "exceedingly broad" because the allegations accuse the entirety of T-Mobile's networks and numerous components. (Reply Br. at 2.) For example, T-Mobile repeatedly argues it is not on notice of the accused components:

- "Huawei does not attempt to justify its exceedingly broad allegations that accuse the entirety of T-Mobile's networks and numerous components *under every infringement theory*" (*See* Reply Br. at 2 (emphasis added).)

- Huawei's allegations "fail[] to identify *what*" Huawei is accusing of infringement. (*Id.* at 2.)

- Huawei's allegations "leave[] unclear which of the listed components actually are at issue." (*Id.* at 2-3.)

T-Mobile's arguments are demonstrably wrong. Huawei explicitly addressed these arguments, explaining how its Complaint identifies the specific components implicated by each patent:

HUAWEI'S SUR-REPLY IN OPPOSITION TO T-MOBILE'S MOTION TO DISMISS
2

> Importantly, Huawei made specific allegations for each patent:
> - "MMEs, PGWs, SGSNs" for the '779 and '750 patents (*Id.* at ¶¶ 45 and 69)
> - "MMEs, PGWs, SGWs" for the '677 patent (*Id.* at ¶ 57).
>
> T-Mobile knows how its networks and how these identified components work; it needs no more information to know what they must defend.

(Resp. Br. at 7.) T-Mobile's Reply completely ignores these facts from Huawei's Complaint.

Importantly, T-Mobile does not suggest that it cannot understand the terminology of Huawei's Complaint.[2] Instead, T-Mobile argues almost exclusively that Huawei should "provide more detail" and "identify" additional details of infringement. (Reply Br. at 3-4.) Through these arguments, T-Mobile demands more than just the "short and plain statement of the claim" required by Rule 8. In contrast to T-Mobile's erroneous arguments, Huawei's pleaded allegations are, in fact, a greater level of detail than this Court found sufficient to state a claim in *Round Rock Research, LLC v. Oracle Corp.*, which T-Mobile fails to distinguish in its Reply. (Reply Br. at 3 n.1, citing No. 4:11-cv-332, 2011 WL 11761563, at *11 (E.D. Tex. Oct. 25, 2011)). There, the Court found an identification of the accused systems sufficient to state a claim even though the complaint used open ended language, just like Huawei's Complaint. *Round Rock*, 2011 WL 11761563 at *3. T-Mobile essentially wants detailed infringement contentions submitted with the Complaint, but that is not what Rule 8 requires.

Huawei need not marshal all of its evidence, nor prove its case at this time, as T-Mobile demands. *See Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 498 (5th Cir. 2015)

---

[2] T-Mobile's characterization of *K-Tech Telecommunications, Inc. v. Time Warner Cable, Inc. is* inapposite. 714 F.3d 1277 (Fed. Cir. 2013). *K-Tech* only shows there is no bright line rule on what constitutes sufficient notice of an infringement claim under Rule 8. In *K-Tech*, the plaintiff pleaded infringement even though it did not know the exact name "by name, model number, or otherwise" of the specific accused products alleged to infringe. *Id.* at 1286. Similarly, Huawei does not know T-Mobile's internal nomenclature for its products and processes, so Huawei's complaint uses industry-standard terminology. (Huawei's Complaint ¶¶ 45, 57, 69.)

HUAWEI'S SUR-REPLY IN OPPOSITION TO T-MOBILE'S MOTION TO DISMISS

(complaint "need only be enough to raise a right to relief above the speculative level") (quotations omitted).  Huawei's Complaint is sufficient because it alleges plausible facts—which are presumed to be true—demonstrating T-Mobile's infringement.  For example, Huawei identified (i) specific infringed claims of each patent (*see, e.g.*, Huawei's Complaint at ¶¶ 44, 56, 68); (ii) specific accused systems and their infringing behavior (*id.* at ¶ 17, 44, 56, 68); and (iii) the specific infringing components in T-Mobile's networks. (*id.* at ¶¶ 45, 57, 69).  T-Mobile's motion should be denied.

## II.     Huawei Has Sufficiently Pleaded Contributory Infringement.

Rather than addressing the full scope of Huawei's contributory infringement allegations, T-Mobile's Reply maintains the incorrect focus on a single paragraph of the Complaint to claim Huawei's allegations are conclusory.  (Reply Br. at 7.)  To make this "conclusory" claim, T-Mobile's Reply ignores the specific and detailed facts alleged in the preceding paragraphs.  For example, Huawei's Complaint explains how (i) T-Mobile sells service plans, SIM cards, and mobile devices to customers "configured to access" the infringing networks (Huawei Complaint at ¶ 20); (ii) these components are "*specifically* configured to access and make use of" the infringing activity on T-Mobile's network such as "the network's features allowing for seamless handover from a 3GPP system to a non-3GPP system." (*id.* at ¶ 22 (emphasis added).); (iii) and when used as instructed by T-Mobile, these components access and use T-Mobile's networks and the infringing capabilities including "the seamless handover capabilities of those networks." (*id.*).  Such factual detail is not "conclusory" and is more than sufficient under the Federal Rules, particularly when the pleaded facts are entitled to a presumption of truth.

Further, Huawei's Complaint alleges that T-Mobile contributes to its customers' direct infringement by providing customers with the enumerated components such that the customers

HUAWEI'S SUR-REPLY IN OPPOSITION TO T-MOBILE'S MOTION TO DISMISS
4

can "put[] the [infringing] system as a whole into service" and "obtain[] benefit from it." *Centillion Data Systems, LLC v. Qwest Communications Int'l, Inc.*, 631 F.3d 1279, 1285 (Fed. Cir. 2011); *see also* Huawei's Complaint ¶¶ 44, 56, 68.  Customers with handheld devices outside a patented telecommunications network, but *using* the network, directly infringe that network through that use. 35 U.S.C. § 271 ("use" can constitute infringement); *Centillion*, 631 F.3d at 1283-1284 (citing *NTP, Inc. v. Research in Motion, Ltd.*, 418 F.3d 1282 (Fed. Cir. 2005)).  Here, Huawei alleges that the "service plans, mobile phones, and/or SIM cards . . . contribute to the infringement . . . when used by customers and other users to put the Infringing Wireless Networks into use for their benefit . . . including, for example, the seamless handover capabilities of those networks." (Huawei Complaint ¶ 22.)  At this stage, Huawei does not need to plead the technical specifics of what these components do beyond that they allow access to the networks. (Reply Br. at 7.)  Contrary to T-Mobile's arguments, Huawei adequately stated a claim because it plausibly alleges that these components contribute to customers' direct infringement of Huawei's patents.

      T-Mobile's Reply also fails to demonstrate the allegations are "implausible" under *Twombly*. *See Twombly*, 127 S. Ct. at 1972 (considering whether there is "an obvious alternative explanation" for the facts alleged that would make the claim implausible); *Iqbal*, 129 S. Ct. at 1951-52 (same).  Here, T-Mobile still did not identify any alternative uses for these components.  In other words, those pleaded infringing uses have not been disputed or explained, and are entitled to a presumption of truth.

      Not only are the infringing uses of those components plausible, these facts also plausibly show that there are no substantial non-infringing uses for these service plans, SIM cards, and mobile devices.  Here, Huawei alleges that these components ***specifically*** connect to T-Mobile's

HUAWEI'S SUR-REPLY IN OPPOSITION TO T-MOBILE'S MOTION TO DISMISS

accused networks, an allegation entitled to a presumption of truth.  Specifically, Huawei alleges they are "***specifically configured*** to access and make use of T-Mobile's Infringing Wireless Networks by T-Mobile or under its authorization." (Huawei's Complaint at ¶ 23 (emphasis added).)  If a component is "specifically configured" to access T-Mobile's system, then they are not used by the customer, for example, to connect to third party, non-infringing wireless networks.  That is, they "do not have any substantial uses other than to access T-Mobile's Infringing Wireless Networks." (*Id.*)

Accordingly, Huawei's Complaint adequately states a claim for contribution of direct infringement by T-Mobile's customers.

### III.    Huawei Has Sufficiently Pleaded Induced Infringement.

T-Mobile's Reply further fails to show that Huawei has not sufficiently pleaded T-Mobile's induced infringement of the asserted patents.  First, T-Mobile's Reply demands something impossible at this stage: proof that T-Mobile "knew of and intended the purported infringement." (Reply Br. at 5.)  T-Mobile's scienter is the subject of discovery, and the "short and plain statement" requirement of a complaint does not demand such detail.  Rather, specific intent can be pleaded with facts that give an inference that the infringer knew of the patent and intended others to use the infringing features.  Indeed, a claim for induced infringement requires a plaintiff only to "plead[] facts sufficient to allow ***an inference*** that at least one direct infringer exists." *Bill of Lading*, 681 F.3d at 1336 (emphasis added); *see also id.* ("This court has upheld claims of direct infringement premised on circumstantial evidence of direct infringement by unknown parties.")  For example, a patentee can support a claim for induced infringement simply by pleading "general statements [the alleged infringer] made about the benefits of using its products." *Id.* at 1344.

HUAWEI'S SUR-REPLY IN OPPOSITION TO T-MOBILE'S MOTION TO DISMISS

Here, Huawei has alleged facts that show (i) T-Mobile has had knowledge of the Asserted Patents "since at least the filing of this action." (Huawei's Complaint at ¶¶ 51, 63, 75); (ii) "T-Mobile promotes and advertises the use of its services" (*id.* at ¶ 17); (iii) T-Mobile advertises the benefits of the patented features by specifically advertising the seamless Wi-Fi calling handover benefits of its networks (*id.* at ¶ 20); (iv) T-Mobile knowingly provides instruction manuals, product manuals, and other materials that show "how to make use of the seamless handover capability" provided by the networks (*id.* at ¶ 26); (v) T-Mobile mobile devices, service plans, and/or SIM cards are configured to access its networks so as to allow infringing use of their seamless handover capabilities (*id.* at ¶ 27); and (vi) these actions prompt customers to access T-Mobile's infringing networks (*id.* at ¶ 25).  When viewed in the context of the patented features related to "seamless handover of a mobile device between a 3GPP network and a non-3GPP netork," (*id.* At ¶ 12), these allegations support the conclusion that T-Mobile specifically intended to induce infringement of Huawei's patents.

Second, T-Mobile wrongly argues that Huawei did not sufficiently plead T-Mobile's willful blindness as to the asserted patents.  Instead, Huawei expressly pleaded T-Mobile's active efforts to avoid knowing more about the infringing nature of T-Mobile's products and its customers' use of those products.  Specifically, Huawei alleges that it contacted T-Mobile prior to filing this lawsuit, seeking to enter negotiations to license Huawei's patent portfolio. (*See* Huawei's Complaint at ¶ 28).  Huawei informed T-Mobile that it and/or its customers infringed Huawei's intellectual property rights (*id*); but T-Mobile refused to sign any non-disclosure agreement or engage in any negotiations. (*id.* at ¶¶ 29-31.)  Under Supreme Court precedent holding the willful blindness doctrine may provide the knowledge required to support a claim for induced infringement, the present facts suffice to plausibly allege the knowledge necessary for

Huawei's claim of induced infringement. *See Global-Tech Appliances, Inc. v. SEB S.A.*, 131 S. Ct. 2060, 2070-71 (2011) ("[A] willfully blind defendant is one who takes deliberate actions to avoid confirming a high probability of wrongdoing and who can almost be said to have actually known the critical facts.")

Third, as explained above regarding contributory infringement, Huawei pleaded facts that explain how T-Mobile induces its customers to directly infringe the asserted patents. For example, Huawei alleges that its customers use T-Mobile's infringing networks "to place cellular phone calls, in addition to being used to send and receive data services, which are offered by—or on behalf of T-Mobile." (Huawei's Complaint at ¶ 17.) The rate plans T-Mobile offers "authorize third parties, such as customers and users, to access" its infringing networks. (*Id.* at ¶ 18.) These are "specifically configured" to operate in this way. (*Id.* at ¶ 23.) T-Mobile provides these plans as well as mobile phones and SIM cards that allow customers to put the infringing networks into use for their benefit, including the infringing "seamless handover" capabilities (*Id.* at ¶¶ 22-23.) That use by customers is direct infringement, and T-Mobile's inducement of such use is induced infringement. *See Centillion*, 631 F.3d at 1283-1284.

### IV. Huawei Has Sufficiently Pleaded Willfulness.

T-Mobile's Reply argues that Huawei's willfulness "claim consists solely of a single conclusory paragraph that merely recites the elements of the claim" and "[t]he willfulness claim contains no mention of the pre-suit communications, nor does Huawei cite to any." (Reply Br. at 8.) T-Mobile is wrong. In stark contrast to T-Mobile's argument, Huawei's Complaint expressly incorporates factual allegations into the willfulness allegations for specific counts of

infringement.  (*See* Huawei's Complaint at ¶ 41 ("Huawei realleges and incorporates by reference Paragraphs 1-40 above, as if fully set forth herein."); *see also id.* at ¶¶ 53, 65.)[3]

Those factual allegations specifically detail T-Mobile's willful blindness as to Huawei's patent rights, as discussed above with inducement.  Specifically, Huawei contacted T-Mobile prior to filing this lawsuit, sought to enter license negotiations, and T-Mobile refused.  T-Mobile's Reply does not dispute these pleaded allegations, or call them implausible.  As such, these allegations amply demonstrate that T-Mobile was aware of a high probability that it infringed Huawei's patents, and it deliberately refused to sign a nondisclosure agreement to avoid learning more about its infringement.

## V.  CONCLUSION

Based on the foregoing, T-Mobile's Motion to Dismiss should be denied.  In the alternative, Huawei should be granted leave to file an amended Complaint.

---

[3]   As T-Mobile acknowledges, whether a plaintiff has stated a claim is based on a review of the *entire* complaint and supporting documents.  *See Lone Star Fund V (U.S.) L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

Dated:  April 28, 2016                                Respectfully submitted,

By: /s/ Jane Du
Ruffin B. Cordell
Texas Bar No. 04820550
cordell@fr.com
Linda L. Kordziel
DC Bar No. 446386
kordziel@fr.com
Richard A. Sterba
DC Bar No. 461417
sterba@fr.com
**FISH & RICHARDSON P.C.**
1425 K Street, N.W., 11th Floor
Washington, D.C. 20005
Telephone: (202) 783-5070
Facsimile: (202) 783-2331

Thomas H. Reger II
Texas Bar No. 24032992
reger@fr.com
Carl E. Bruce
Texas Bar No. 24036278
bruce@fr.com
David B. Conrad
Texas Bar No. 24049042
conrad@fr.com
Jane Du
Texas Bar No. 24076355
du@fr.com
**FISH & RICHARDSON P.C.**
1717 Main Street, Suite 5000
Dallas, TX 75201
Telephone: (214) 747-5070
Facsimile: (214) 747-2091

David Barkan
California Bar No. 160825
barkan@fr.com
**FISH & RICHARDSON P.C**.
500 Arguello Street, Suite 500
Redwood City, CA 94063
Telephone: (650) 839-5070
Facsimile: (650) 839-5071

                                       Kevin Su
                                       Massachusetts Bar No. 663726
                                       su@fr.com
                                       **FISH & RICHARDSON P.C.**
                                       One Marina Park Drive
                                       Boston, MA 02210
                                       Telephone: (617) 542-5070
                                       Facsimile: (617) 542-8906

                              **COUNSEL FOR PLAINTIFF HUAWEI TECHNOLOGIES CO. LTD.**

## CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the above and foregoing document has been served on April 28, 2016 to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Local Rule CV-5(a)(3).

                                       */s/ Jane Du*
                                       Jane Du