UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| HUAWEI TECHNOLOGIES CO. LTD., <br><br>    Plaintiff, <br><br> v. <br><br> T-MOBILE US, INC. and T-MOBILE USA, INC., <br><br>    Defendants, <br><br> NOKIA SOLUTIONS AND NETWORKS US LLC and NOKIA SOLUTIONS AND NETWORKS OY, and TELEFONAKTIEBOLAGET LM ERICSSON, and ERICSSON INC., <br><br>    Intervenors. | Civil Action No. 2:16-cv-0056-JRG-RSP <br><br> JURY TRIAL DEMANDED |

**SIXTH AMENDED DOCKET CONTROL ORDER**

In accordance with the scheduling conference held in this case and based upon the Joint Motion to Amend Fifth Amended Docket Control Order, it is hereby ORDERED that the following schedule of deadlines is in effect until further order of this Court:

| ORDERED DATE | PROPOSED DATE | |
|---|---|---|
| October 2, 2017 | | *Jury Selection – 9:00 a.m. in **Marshall, Texas** |
| September 13, 2017 | | *Pretrial Conference – 9:00 a.m. in **Marshall, Texas** before Judge Roy Payne. |

| ORDERED DATE | PROPOSED DATE | |
|---|---|---|
| August 30, 2017 | | *Notify Court of Agreements Reached During Meet and Confer<br><br>The parties are ordered to meet and confer on any outstanding objections or motions in limine. The parties shall advise the Court of any agreements reached no later than 1:00 p.m. three (3) business days before the pretrial conference. |
| August 28, 2017 | | *File Joint Pretrial Order, Joint Proposed Jury Instructions, Joint Proposed Verdict Form, and Responses to Motions *in Limine* |
| August 21, 2017 | | *File Notice of Request for Daily Transcript or Real Time Reporting.<br><br>If a daily transcript or real time reporting of court proceedings is requested for trial, the party or parties making said request shall file a notice with the Court and e-mail the Court Reporter, Shelly Holmes, at shelly_holmes@txed.uscourts.gov. |
| August 14, 2017 | | File Motions *in Limine*<br><br>The parties shall limit their motions *in limine* to issues that if improperly introduced at trial would be so prejudicial that the Court could not alleviate the prejudice by giving appropriate instructions to the jury. |
| August 14, 2017 | | Serve Objections to Rebuttal Pretrial Disclosures |
| July 31, 2017 | | Serve Objections to Pretrial Disclosures; and Serve Rebuttal Pretrial Disclosures |
| July 24, 2017 | | Serve Pretrial Disclosures (Witness List, Deposition Designations, and Exhibit List) by the Party with the Burden of Proof |
| July 17, 2017 | July 21, 2017 | *File Dispositive Motions or Motions to Strike Expert Testimony (including *Daubert* Motions)<br><br>No dispositive motion or motion to strike expert testimony (including a *Daubert* motion) may be filed after this date without leave of the Court. |
| July 12, 2017 | July 17, 2017 | Deadline to Complete Expert Discovery |

| ORDERED DATE | PROPOSED DATE | |
|---|---|---|
| June 26, 2017 | June 30, 2017 | Serve Disclosures for Rebuttal Expert Witnesses |

(*) indicates a deadline that cannot be changed without showing good cause. Good cause is not shown merely by indicating that the parties agree that the deadline should be changed.

## ADDITIONAL REQUIREMENTS

**Notice of Mediator**: The parties are to jointly file a notice that identifies the agreed upon mediator or indicates that no agreement was reached. If the parties do not reach an agreement, the Court will appoint a mediator. The parties should not file a list of mediators to be considered by the Court.

**Indefiniteness**: In lieu of early motions for summary judgment, the parties are directed to include any arguments related to the issue of indefiniteness in their *Markman* briefing, subject to the local rules' normal page limits.

**Motions for Continuance**: The following excuses will not warrant a continuance nor justify a failure to comply with the discovery deadline:

(a) The fact that there are motions for summary judgment or motions to dismiss pending;

(b) The fact that one or more of the attorneys is set for trial in another court on the same day, unless the other setting was made before the date of this order or was made as a special provision for the parties in the other case;

(c) The failure to complete discovery before trial, unless the parties can demonstrate that it was impossible to complete discovery despite their good faith effort to do so.

**Amendments to the Docket Control Order ("DCO")**: Any motion to alter any date on the DCO shall take the form of motion to amend the DCO. The motion to amend the DCO shall include a proposed order that lists all of the remaining dates in one column (as above) and the proposed changes to each date in an additional adjacent column (if there is no change for a date the proposed date column should remain blank or indicate that it is unchanged). In other words, the DCO in the proposed order should be complete such that one can clearly see all the remaining deadlines and the changes, if any, to those deadlines, rather than needing to also refer to an earlier version of the DCO.