# ATTACHMENT 1

# MT² Law Group
## Mann | Tindel | Thompson

**J. Mark Mann**
Partner
Board Certified: Personal Injury Trial Law
Texas Board of Legal Specialization
National Board of Trial Advocacy (1992-2012)
Fellow - American College of Trial Lawyers

300 W. Main Street
Henderson, Texas 75652
Telephone: 903.657.8540
Fax: 903.657.6003
Mark@TheMannFirm.com

August 24, 2017

***Via CM/ECF Filing***
Honorable Roy S. Payne
United States Magistrate Judge
Sam B. Hall, Jr. Federal Building
  And United States Courthouse
100 East Houston Street
Marshall, TX 75670

Re:  Civil Actions; 2:16-cv-52, 2:16-cv-55, 2:16-cv-56 and 2:16-cv-57; *Huawei Technologies Co. Ltd. v. T-Mobile US, Inc. et al; In the United States District Court, Eastern District of Texas, Marshall Division.*

Dear Judge Payne:

Huawei Technologies Co. Ltd ("Huawei) files this letter to further the Court's consideration of the trial scheduling in these above four-captioned cases, in particular, the discussion of which of the four cases should be slotted for the November trial setting.

At the hearing on August 22nd, the Court indicated that the 0052 case would be set for trial in October, with jury selection on October 2nd and opening arguments proceeding on October 10th. The Court then indicated that the Court will schedule a second trial for the November trial setting but that the November trial would be limited to 8-9 hours per side. Huawei stated its belief that the next case in sequence, 0055, with four patents could be tried in the allotted time while Defendants expressed the view that the time was insufficient. Huawei provides this submission to provide more detail as to its belief that the 0055 case is appropriate for an 8-9 hour per side trial.

Although the 0055 case has four patents-in-suit, the time needed to try these patents will be similar to that of a two-patent case. The '575 and '971 patents both deal with closely related technology directed to policy control and charging rules in a cellular network and both share the same inventor witness. These two patents have relatively few asserted claims – only one independent claim and two dependent claims per patent. In addition, all of the

Tyler, Texas
903.596.0900

Henderson, Texas

Marshall, Texas
903.472.4294

www.MT2LawGroup.com

August 24, 2017
Page 2

remaining asserted claims in both patents are method claims that relate to the same types of messages passed between the same two functional units (the CRF and TPF). Similarly, the '627 and '675 both deal with the same type of handover procedure, are directly related (the '627 is a continuation of the '675) and have relatively few claims asserted. Again, there is only one independent claim asserted per patent, with one dependent claim in the '675 patent and two dependent claims in the '627 patent. As with the two charging patents, Huawei would present only a single inventor witness for the '627 and '675 patents. The 0055 case thus really involves a small universe of asserted patent claims and is in many respects more like a two patent case than a four patent case.

To the extent Defendants are concerned about available trial time, Huawei respectfully suggests that any potential time issue can be alleviated by switching the order of the 0055 case and the 0052 case – that is, the 0055 case would proceed with jury selection on October 2nd and opening statements on October 10th and the 0052 case would proceed in the November trial slot. While the parties have not reached final agreement regarding the dismissal of the '365/'617 patents from the 0052 case, that does appear likely to happen, and thus the 0052 case may involve only two patents by the time of trial. In addition, to facilitate that process, Huawei requests that the Court require the parties to conduct a telephonic conference within one week that includes both outside counsel and a party representative in which they will discuss how to resolve the sole remaining issue regarding the stipulation to dismiss the '365 and '617 patents - namely, the form of assurance that T-Mobile will provide regarding its promise not to implement the accused functionality in its production network during the remaining life of the patents. At present, Huawei has proposed that T-Mobile either provide an annual affidavit from a responsible business manager or that the stipulation take the form of a consent judgment so that it may be enforced by direct court proceedings. T-Mobile insists on simply a stipulation, which Huawei believes may not be directly enforceable in a future dispute. Obviously, a finalized stipulation will also shorten the pretrial hearing set for September 11th in the 0052 case. Huawei requests that the parties submit a joint report to the court the business day following the telephonic conference.

Sincerely,

*J. Mark Mann*

J. Mark Mann
For the Firm

JMM/cld