# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| **HUAWEI TECHNOLOGIES CO. LTD.,**<br><br>**Plaintiff,**<br><br>v.<br><br>**T-MOBILE US, INC. and T-MOBILE USA, INC.,**<br><br>**Defendants,**<br><br>**NOKIA SOLUTIONS AND NETWORKS US LLC, NOKIA SOLUTIONS AND NETWORKS OY, TELEFONAKTIEBOLAGET LM ERICSSON, and ERICSSON INC.**<br><br>**Intervenors.** | Civil Action Nos.  2:16-cv-00052-JRG-RSP<br>2:16-cv-00055-JRG-RSP<br>2:16-cv-00056-JRG-RSP<br>2:16-cv-00057-JRG-RSP<br><br>**JURY TRIAL DEMANDED** |

### PLAINTIFF HUAWEI TECHNOLOGIES CO. LTD'S OBJECTIONS TO THE REPORT AND RECOMMENDATION REGARDING CERTAIN OF T-MOBILE'S <u>AFFIRMATIVE DEFENSES AND COUNTERCLAIMS</u>

Plaintiff Huawei Technologies Co. Ltd. ("Huawei") respectfully submits its objections to the Report and Recommendation ("R&R") issued on Huawei's motion for summary judgment on certain affirmative defenses and counterclaims of Defendants T-Mobile U.S., Inc. and T-Mobile USA, Inc. ("T-Mobile") regarding Huawei's commitments to the European Telecommunications Standards Institute ("ETSI"). [*See* Case No. 16-cv-00052, Dkt. 348; Case No. 16-cv-00055, Dkt. 321; Case No. 16-cv-00056, Dkt. 307; Case No. 16-cv-00057, Dkt. 305.]

### A. The R&R Committed Legal Error In Finding That A Breach of Any Duty to a Standard Setting Organization Can Support a Theory of Equitable Estoppel or Implied Waiver

The R&R states at pages 7-8 that, "[a] jury's finding that Huawei breached a duty to a standard setting organization can support a finding of implied waiver of any right to assert patent infringement claims, or it may support a finding of equitable estoppel, among other potential remedies," citing *Hynix Semiconductor Inc. v. Rambus Inc*., 645 F.3d 1336, 1348 (Fed. Cir. 2011). This finding is legal error.

There is only one scenario where the Federal Circuit has said that breaching obligations to a standard setting organization ("SSO") may lead to waiver or estoppel. That scenario specifically involves the complete failure to disclose the existence of a patent to an SSO with deceptive intent. *See Qualcomm Inc. v. Broadcom Corp*., 548 F.3d 1004, 1021 (Fed. Cir. 2008) (finding that Qualcomm "intentionally shielded the patents from consideration" by the standards body). Here, there is no dispute that Huawei in fact disclosed all of the asserted patents to ETSI prior to any of those asserted patent being issued. No case has ever found waiver or estoppel based on a *pre-issuance* lack of disclosure of a patent, nor has any case ever found waiver or estoppel *where a disclosure was in fact made*.

The lack of any case law finding waiver or estoppel under these circumstances is not surprising because the bar for each defense is high. For waiver, the patentee must engage in acts "so inconsistent with an intent to enforce its rights as to induce a reasonable belief that such right has been relinquished." *See Hynix*, 645 F.3d at 1348. Similarly, for equitable estoppel, the patentee must "through misleading conduct, [lead] the alleged infringer to reasonably infer that the patentee does not intend to enforce its patent against the alleged infringer." *Id*. Here, where Huawei declared its patented to ETSI prior to their issuance, and prior to T-Mobile engaging in any activity to build its accused networks, there can be no possible claim that Huawei

2

"relinquished" its patent rights, or somehow "misled" T-Mobile. Failure to grant summary judgment on T-Mobile's defenses of "equitable estoppel" and "waiver" was thus legal error.

    **B. The R&R Erred in Finding that T-Mobile Has a Right to Recover Under a Breach of Contract Theory for Huawei's Allegedly Late Disclosures to ETSI**

The R&R incorrectly lumps together T-Mobile's two breach of contract theories in considering whether T-Mobile has a right to relief. Huawei does not dispute that it has obligations to offer third parties licenses to Huawei's standard essential patents ("SEP's") under fair, reasonable and non-discriminatory ("FRAND") terms. Huawei does not dispute that, whether or not T-Mobile is a member of ETSI, it is a third party beneficiary of the contract between Huawei and ETSI and can request a FRAND license to Huawei's SEP's. Huawei has in fact given T-Mobile terms for what it believes to be a FRAND license, and the question of whether that offer was in fact FRAND is subject to a separate breach of contract action pending between the parties, Case No. 16-cv-00715. Huawei has also put forward per-patent damages rates that it believes comply with its FRAND obligations, and T-Mobile can challenge those rates in this litigation.

None of this is relevant to the separate question of whether ETSI policy gives T-Mobile any right as a third party beneficiary to enforce Clause 4.1 of the ETSI policy regarding the timing for making disclosures to ETSI.

The R&R is unclear as to whether it is applying Texas law, French law, or some other law as to the question of what remedies are available for late disclosures violations. Texas law is clear that "[a] court will not create a third-party beneficiary contract by implication … The intention to contract or confer a direct benefit to a third party must be clearly and fully spelled out or enforcement by the third party must be denied." *See MCI Telecomms. Corp. v. Texas Utils. Elec. Co.*, 995 S.W.2d 647, 651 (Tex. 1999). Similarly, under French law, there must be a

3

clearly specified right that a third party will receive a benefit under the contract. [*See* Case No. 16-cv-00052, Dkt. No. 257, Ex. 4, ¶ 55.] The R&R cites no ETSI policy that contains a clear statement or any intention to create third party rights with respect to timely disclosure obligations, likely because ETSI policy contains no such statement. [*See id*. at ¶¶ 53-63.] The obligation to disclose IPR is an obligation that Huawei owes to ETSI and ETSI alone, and the only remedy is punishment by ETSI. [*Id*.] The R&R also identifies no legal precedent for finding T-Mobile to be a third party beneficiary with respect to the timely disclosure portions of the ETSI contract. As discussed above, T-Mobile could potentially attempt to assert claims for implied waiver and/or equitable estoppel based on a violation of disclosure obligations, if the requirements for those defenses were met (which here they are not). That does not, however, create a breach of contract claim for T-Mobile where the contract between ETSI and Huawei gives T-Mobile no such right.

### C. The R&R Erred in Interpreting Section 6.1 and in Failing to Determine Which Alleged Activities Constitute a Breach of Huawei's FRAND Obligations

The R&R states that "[w]hether Huawei's conduct was consistent with its FRAND commitment is a highly factual inquiry, and there are numerous disputes of material fact, including, for example, whether Huawei's lawsuits were retaliatory and discriminatory and whether bundling more than 800 patents in the offer was consistent with Huawei's FRAND commitment." [R&R at p.6.] Clause 6.1 of the ETSI policy, however, does not prohibit retaliatory and discriminatory lawsuits – its only obligation is that Huawei be prepared to grant "irrevocable licenses on fair, reasonable and non-discriminatory terms and conditions," nothing else. [*See* R&R at p.2 (quoting policy).] Clause 6.1 does not restrict Huawei's right to sue, nor

does it invite any inquiry into the motivations for the filing of this lawsuit. The only relevant inquiry is whether the *license offer* Huawei made to T-Mobile was fair, reasonable, and non-discriminatory.

With respect to Huawei's offer of a portfolio license, this is not a disputed fact—both parties agree Huawei made such an offer. The only dispute is whether, when ETSI policy requires offering "fair, reasonable and non-discriminatory terms and conditions," that necessarily means offering terms and conditions on a patent-by-patent basis. The R&R resolve this dispute, stating "[t]he Court is not concluding that clause 6.1 categorically forbids a portfolio-wide license offer." [R&R at p.6.] If ETSI policy does not forbid such offers, then Huawei's offer was not a breach of its FRAND obligations. That should end the inquiry with respect to this purported violation.

The R&R does not address T-Mobile's other bases for an alleged breach of clause 6.1. There, too, there are no disputed facts. The timing of this lawsuit, the timing of Huawei's offer to T-Mobile, and the fact that Huawei has sought injunctive relief as an alternative remedy if T-Mobile will not pay a FRAND royalty are all not in dispute. The only question is whether these acts breach ETSI obligations, and the R&R identifies nothing in clause 6.1 that suggests the timing of a lawsuit or licensing offer, or the scope of relief requested in a lawsuit, have anything to do with "fair, reasonable and non-discriminatory terms and conditions" of a license.

### D. The R&R Erred in Failing to Resolve T-Mobile's Affirmative Defenses of Laches, Unclean Hands, Patent Misuse, and "Non-compliance with Licensing Obligation"

The R&R states that a breach of a duty to a standard setting organization can support a finding of implied waiver or equitable estoppel "among other potential remedies." [R&R at pp.7-8.] The R&R, however, cites no authority and provides no justification for allowing T-Mobile to seek remedies under any affirmative defenses other than implied waiver and estoppel.

5

T-Mobile's seventh affirmative defense raises "laches, waiver, estoppel, and/or unclean hands." T-Mobile only attempted to defend implied waiver in its opposition brief, and belatedly raised estoppel in its sur-reply brief. T-Mobile did not attempt to defend its assertion of laches or unclean hands, and summary judgment should have been granted with respect to these affirmative defenses.

The R&R also does not explain how Huawei's conduct could give rise to a defense of patent misuse. "[T]he key inquiry under the patent misuse doctrine is whether the patentee has impermissibly broadened the physical or temporal scope of the patent grant and has done so in a manner that has anticompetitive effects." *Sanofi-Aventis v. Apotex Inc.*, 659 F.3d 1171, 1182 (Fed. Cir. 2011). The R&R does not explain how a purported late disclosure of intellectual property, or allegedly "retaliatory and discriminatory" litigation activity, broadens any asserted patents' "physical or temporal scope." The R&R also fails to address 35 U.S.C. § 271(d), which further limits the applicability of the patent misuse doctrine on the facts here.

Finally, the R&R fails to address T-Mobile's ninth affirmative defense of "Non-compliance with Licensing obligation." The R&R cites no support for this constituting an affirmative defense to a claim for patent infringement.

For these reasons, summary judgment should have been granted with respect to T-Mobile's affirmative defenses of laches, unclean hands, patent misuse, and T-Mobile's ninth affirmative defense of "Non-compliance with Licensing obligation."

### E. The R&R Erred in Failing to Resolve T-Mobile's Claims Under the Texas Unfair Competition Law and the Washington Consumer Protection Act

Both the Texas Unfair Competition Law and the Washington Consumer Protection Act require some underlying wrong as a predicate for liability. Here, as discussed above, the only wrongful acts T-Mobile complains of are not violations of patent law or of any contractual

obligations. Because the R&R should have dismissed T-Mobile's affirmative defenses and its counterclaim for breach of contract, it also should have dismissed T-Mobile's remaining counterclaims under these statutes.

### F. The R&R Erred in Concluding that Litigation Expenses are an Appropriate Remedy for Breach of ETSI Commitments

The R&R states at page 8 that "T-Mobile may be entitled to the cost of litigation as damages if T-Mobile shows those damages were caused by Huawei's breach of ETSI commitments," citing *Microsoft Corp. v. Motorola, Inc.*, 795 F.3d 1024, 1049 (9th Cir. 2015). The Ninth Circuit, however, was clear that the basis for its ruling was that the fees Microsoft sought were *not* for the instant lawsuit, but were for *other separate lawsuits*: "Motorola contends that Microsoft was not entitled to attorneys' fees as damages … Motorola's arguments, however, elide a critical factor in determining the propriety of attorneys' fees in the damages award in this case. **The fees at issue here were incurred not in the current breach of contract action but in defending against the injunctive action found to have breached the RAND agreement**." *Id*. at 1049 (emphasis added).

In *Motorola*, the patentee filed two complaints in two different forums seeking injunctive relief, not a FRAND royalty. *Id*. at 1033 (describing ITC and German litigations). The breach at issue was Motorola's request for an injunction in those cases as the sole remedy for infringement, instead of FRAND royalties. *See id*. at 1045-47. Here, there is no separate action for injunctive relief, and no similar breach because Huawei has only sought an injunction in the event that T-Mobile refuses to pay a FRAND royalty. More importantly, the *Motorola* decision does not abrogate the American rule that attorneys' fees are not a remedy for a breach of contract unless the contract expressly allows for that remedy. *See MBM Fin. Corp. v. Woodlands Operating Co., L.P.*, 292 S.W.3d 660, 663 & 669 (Tex. 2009) (holding that "suits cannot be

7

maintained solely for the attorney's fees" because "Texas has long followed the 'American Rule' prohibiting fee awards unless specifically provided by contract or statute").

The R&R also ignores that Congress has already determined when attorneys' fees may be awarded: only by the Court (not the jury), and only upon a showing that a case is exceptional. *See* 35 U.S.C. § 285. Finally, the R&R ignores that T-Mobile gave no evidence of its purported "damages" in response to Huawei's summary judgment motion. That is because T-Mobile has claimed privilege over its litigation expenses, has refused to provide Huawei with any discovery into those expenses, and has failed to put forth any expert report detailing its purported "damages" under its breach of contract and state law causes of action.

Finally, the R&R erred in rejecting Huawei's mootness argument. The primary remedy that Huawei has sought in this litigation is a FRAND royalty. The remedies T-Mobile seeks were created to address situations where patentees attempted to avoid FRAND royalty obligations – for example, by seeking non-FRAND damages, or by seeking injunctive relief without an alternative request for a FRAND royalty. Where, as here, Huawei has committed to only receiving FRAND royalties as determined by the Court, none of these equitable defenses or counterclaims should apply. Any disputes about the amount of FRAND royalties should be resolved through the damages presentations, and not through unfounded counterclaims and affirmative defenses.

Dated: September 1, 2017

Respectfully submitted,

By: */s/ Jonathan J. Lamberson*
Ruffin Cordell
Texas Bar No. 04820550
cordell@fr.com
Richard A. Sterba
DC Bar No. 461417
sterba@fr.com
**FISH & RICHARDSON P.C.**
1425 K Street, N.W., 11th Floor

8

Washington, D.C. 20005
Telephone: (202) 783-5070
Facsimile: (202) 783-2331

Thomas H. Reger II
Texas Bar No. 24032992
reger@fr.com
Carl E. Bruce
Texas Bar No. 24036278
bruce@fr.com
David B. Conrad
Texas Bar No. 24049042
conrad@fr.com
Jane Du
Texas Bar No. 24076355
du@fr.com
**FISH & RICHARDSON P.C.**
1717 Main Street, Suite 5000
Dallas, TX 75201
Telephone: (214) 747-5070
Facsimile: (214) 747-2091

David Barkan
California Bar No. 160825
barkan@fr.com
Jonathan J. Lamberson
California Bar No. 239107
lamerson@fr.com
**FISH & RICHARDSON P.C**.
500 Arguello Street, Suite 500
Redwood City, CA 94063
Telephone: (650) 839-5070
Facsimile: (650) 839-5071

Kevin Su
Massachusetts Bar No. 663726
su@fr.com
**FISH & RICHARDSON P.C.**
One Marina Park Drive
Boston, MA 02210
Telephone: (617) 542-5070
Facsimile: (617) 542-8906

**COUNSEL FOR PLAINTIFF HUAWEI TECHNOLOGIES CO. LTD.**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been served on September 1, 2017 to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Local Rule CV-5(a)(3).

                                          */s/ Jonathan J. Lamberson*
                                          Jonathan J. Lamberson