IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| HUAWEI TECHNOLOGIES CO. LTD, § § v. § § T-MOBILE US, INC., T-MOBILE U.S.A., § INC., § § | Case No. 2:16-CV-00052-JRG-RSP Case No. 2:16-CV-00055-JRG-RSP Case No. 2:16-CV-00056-JRG-RSP Case No. 2:16-CV-00057-JRG-RSP |

**REPORT AND RECOMMENDATION**

Huawei Technologies Co. LTD ("Huawei") moves to dismiss certain counterclaims filed by T-Mobile US, Inc., and T-Mobile U.S.A. Inc. (collectively, "T-Mobile") for lack of subject matter jurisdiction. The motions should be denied for at least the following two reasons.

First, diversity jurisdiction over the counterclaims exists. There is no dispute that there is complete diversity among the parties. The only dispute is whether the $75,000 amount-in-controversy requirement is satisfied. *See* 28 U.S.C. § 1332(a). Huawei argues this requirement has not been met for a number of reasons, including because there is no record evidence to support the assertion that T-Mobile has incurred at least $75,000 in damages as attorneys' fees and because T-Mobile is not entitled to attorneys' fees in any event.

The Court is not persuaded. T-Mobile's counterclaims include requests that the Court "enjoin Huawei from further violations of the law, specifically including prohibiting it from seeking or continuing to seek injunctions against T-Mobile on patents for which Huawei has made FRAND commitments." *See, e.g.*, Ans. ¶ 155(d). The value of injunctive relief is relevant to the amount-in-controversy requirement, *see St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1252-53 (5th Cir. 1998), and it cannot be credibly argued that the value of T-Mobile's requested relief is less than $75,000.

Moreover, it is apparent from the face of the pleadings that T-Mobile's counterclaims meet the amount-in-controversy requirement. Regardless of whether T-Mobile may recover attorneys' fees in connection with prosecuting its state law counterclaims, T-Mobile alleges damages resulting from defending against Huawei's patent infringement claims, and that those damages were caused by the conduct that serves the basis for the counterclaims, including the filing of the patent infringement lawsuits themselves. *See, e.g.*, Ans. ¶ 98, Dkt. 106. It does not matter that T-Mobile's counterclaims were asserted in the same case, and Huawei cites no authority suggesting otherwise. The analysis is therefore identical to the reasoning in *Microsoft Corporation v. Motorola, Inc.*, 795 F.3d 1024, 1049-50 (9th Cir. 2015).

There is simply no credible argument that T-Mobile's fees will not exceed $75,000. The contrary conclusion is apparent from the face of T-Mobile's answer, even if there is no record evidence conclusively establishing the amount incurred. *See Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). The Court is no stranger to the cost of patent infringement litigation, and the amount in controversy requirement had likely been exceeded several-fold by the time T-Mobile answered Huawei's complaint nine months ago. Whether T-Mobile may be indemnified for some or all of these fees is irrelevant. *See, e.g.*, *Cox v. Lewiston Grain Growers, Inc.*, 936 P.2d 1191, 1200 (Wash. Ct. App. 1997); *Scottsdale Ins. v. Nat'l Emergency*, 175 S.W.3d 284, 300 (Tex. Ct. App. 2004).

Second, supplemental jurisdiction is proper under 28 U.S.C. § 1367(a). Huawei's patent infringement claims, including its requests for equitable relief, *see* Compl. ¶ 90, Dkt. 1, are inextricably related to T-Mobile's counterclaims. Huawei seeks a FRAND royalty rate for the alleged infringement of patents it claims are essential to a cellular standard, while T-Mobile contends that Huawei is not entitled to such a rate, or any other relief, because of (1) Huawei's

conduct leading up to Huawei's lawsuits, (2) Huawei's alleged failure to timely disclose the patents to the standard-setting organization, and (3) the nature of the lawsuits themselves. *See City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 165 (1997) ("[T]he relationship between [the federal] claim and the state claim permits the conclusion that the entire action before the court comprises but one constitutional 'case.'") (quoting *Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966)). Even in patent infringement cases, where infringement and validity issues are typically narrow, courts have exercised supplemental jurisdiction over state law counterclaims under circumstances such as those present in this case. *See, e.g.*, *Wildcat Licensing WI, LLC v. Johnson Controls, Inc.*, No. 13-CV-328-WMC, 2014 WL 232106, at *2 (W.D. Wis. Jan. 22, 2014) (supplemental jurisdiction over tortious interference counterclaim). Finally, there is no sound basis to decline jurisdiction under § 1367(c), and Huawei's arguments to the contrary are not persuasive.

Accordingly,

It is **RECOMMENDED**:[1]

Huawei's motions to dismiss should be denied. [2]

**SIGNED this 20th day of September, 2017.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE

---

[1] A party's failure to file written objections to the findings, conclusions, and recommendations contained in this report within fourteen days after being served with a copy shall bar that party from de novo review by the district judge of those findings, conclusions, and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings, and legal conclusions accepted and adopted by the district court. Fed. R. Civ. P. 72(b)(2); *see Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

[2] Dkt. 371 in Case No. 2:16-cv-00052;
Dkt. 329 in Case No. 2:16-cv-00055;
Dkt. 314 in Case No. 2:16-cv-00056;
Dkt. 312 in Case No. 2:16-cv-00057.